IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **THERESA FORTENBERRY** | ) | **PLAINTIFFS** |
| **AND TRALVIS FORTENBERRY d/b/a** | ) | |
| **CARING HANDS PERSONAL CARE HOME** | ) | |
| | ) | |
| **VERSUS** | ) | **1:16-cv-00320 LG-RHW** |
| | ) | |
| **CITY OF WIGGINS, MISSISSIPPI** | ) | **DEFENDANT** |

**DEFENDANT'S RESPONSE BRIEF IN OPPOSITION
TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S REBUTTAL
IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW, the Defendant, City of Wiggins, Mississippi (the "City" or "Wiggins"), by and through the undersigned counsel of record, and files its Response Brief in Opposition to Plaintiff's Motion to Strike Defendant's Rebuttal in Support of Defendant's Motion for Summary Judgment and in support thereof would show as follows, to wit:

Counsel for Wiggins admits that his Memorandum Brief in Support of Motion for Summary Judgment [ECF No. 92] and Rebuttal Brief [ECF No. 104] exceed the thirty-five page limit prescribed by Local Rule 7(b)(5) and humbly apologizes for this mistake. However, a complete striking of the pleading for exceeding the page limit by only five pages is a drastic remedy and the City would respectfully request that the Plaintiffs' Motion be denied.

This Court has stated that a "motion to strike is a drastic remedy which is disfavored by the courts and infrequently granted." *Conn v. U.S.*, 823 F.Supp.2d 441, 444 (S.D.Miss. 2011)(quoting, *Int'l Longshoremen's Assoc., S.S. Clerks Local 1624, AFL–CIO v. Virginia Int'l Terminals, Inc.*, 904 F.Supp. 500, 504 (E.D.Va.1995)). Additionally, such motions "generally should not be granted absent a showing of prejudice to the moving party." *Id.* at 446 (citing, *Augustus v. Bd. of Pub.*

*Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir.1962); *Mullins v. Chevron Oil Co.*, 344 F.Supp. 1063, 1067 (E.D.La.1972)).

In the present matter, the Plaintiffs did not argue in their Motion or Brief that they were prejudiced by the City exceeding the page limit in their summary judgment briefs. Thus, this Court should not grant the extraordinary relief because the Plaintiffs have not made the requisite showing of prejudice to support the remedy.

Also, as noted by the Plaintiffs in their Brief, this Court has discretion concerning enforcement of its local rules. *Precision Spine, Inc. v. Zavation, LLC*, 2017 WL 939278, at *2 (S.D.Miss. 2017)(citing, *United States v. Rios-Espinoza*, 591 F.3d 758, 760 (5th Cir. 2009)). The City would humbly request that this Court use that discretion to allow the extra five pages making up briefs.

In the *Precision Spine* case cited above, this Court granted a motion to strike because a party exceeded the page limit found at Local Rule 7(b)(5). *Id*. at *1. However, the offending party in that case filed thirteen summary judgment motions and far exceeded the page limit by hundreds of pages. *Id*. That is not present in the matter *sub judice*. Here, Wiggins exceeded the page limit by a mere five pages.

Even the authority relied upon by the Plaintiffs in support of the instant Motion does not stand for a concrete finding that the pleading should be stricken. They rely on *Kelly v. Dedicated Logistics, LLC*, 2017 WL 3880317 *1 (N.D.Miss. 2017) but in that matter the Court, using its discretion, instead of striking or not considering the pleadings, cautioned counsel that future non-compliant filings may not be considered by the Court.

Counsel admits that he made a mistake by exceeding the page limit of Local Rule 7(b)(5).

It was an oversight and will not happen in the future. Nonetheless, the error should not lead to a complete striking of the City's Rebuttal Brief. As noted above, the Local Rules are meant to be followed but are not inflexible and this Court enjoys broad discretion concerning their enforcement. As such, Counsel humbly asks that this Court allow the additional five pages and deny the Plaintiffs' Motion.

**RESPECTFULLY SUBMITTED**, this the 1st day of December, 2017.

        **BY:** **CITY OF WIGGINS, MISSISSIPPI, Defendant**

        **BY:** **BYRD & WISER**

        **BY:** *s/Nicholas Van Wiser*
              **Nicholas Van Wiser, MSB#7339**

**Prepared by:**
**Nicholas Van Wiser, Esq., MSB#7339**
**Russell S. Manning, Esq., MSB#102789**
**BYRD & WISER**
**Attorneys at Law**
**P O Box 1939**
**Biloxi, MS 39533**
**Tel: 228.432.8123**
**Fax: 228.432.7029**
**Email: nwiser@byrdwiser.com**

## CERTIFICATE OF SERVICE

I, Nicholas Van Wiser, counsel for **CITY OF WIGGINS, MISSISSIPPI**, do hereby certify that I have filed the foregoing with the Court via the Court's CM/ECF filing system which caused a copy of same to be delivered as follows, to wit:

Maria Martinez
Rushing & Guice, P.L.L.C.
Post Office Box 1925
Biloxi MS 39533-1925
Email: mmartinez@rushingguice.com

*Counsel for Plaintiff*

**SO CERTIFIED**, this the 1st day of December, 2017.

                              **BY**: *s/Nicholas Van Wiser*
                              **Nicholas Van Wiser, MSB#7339**

**Prepared by:**
**Nicholas Van Wiser, Esq., MSB#7339**
**Russell Scott Manning, MSB#102789**
**BYRD & WISER**
**Attorneys at Law**
**P O Box 1939**
**Biloxi, MS 39533**
**Telephone: (228) 432.8123**
**Facsimile: (228) 432.7029**
**Email: nwiser@byrdwiser.com**