IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**THERESA FORTENBERRY,** *et al.*                                                              **PLAINTIFFS**

**VS.**                                                              **CIVIL ACTION: 1:16cv320-LG-RHW**

**CITY OF WIGGINS, MISSISSIPPI**                                                              **DEFENDANT**

## ORDER

  Before the Court are three motions filed near or on the October 6, 2017 deadline for the close of discovery in this case. In a motion to compel [84] filed October 2, 2017, Plaintiffs challenge the sufficiency of Defendant's August 17, 2017 answers to requests for admissions, and in motion [87] filed October 6, 2017, Plaintiffs' moved the Court to allow their out-of-time filing of motion [84]. Defendant filed [88] its response opposing motion [84] October 16, 2017, and Plaintiffs filed no reply. The essence of Plaintiffs' complaint regarding the Defendant's denial of certain requests for admissions is that documents referenced in those requests "speak for themselves and the information in them should be admitted." For the reasons which follow, the Court finds motions [84] and [87] should be denied.

  The Court conducted the case management conference in this matter on February 2, 2017, setting a scheduling order including a September 6, 2017 discovery deadline. [11] By text order of April 20, 2017, the Court granted an unopposed motion filed by the Plaintiffs [15] to extend the deadlines for designation of experts, discovery and motions, and discovery was extended to October 6, 2017. Five months after entry of the case management order, on July 19, 2017, Plaintiffs served their requests for admissions. [43] Defendant timely served responses on August 17, 2017. In mid-September, Plaintiffs corresponded with Defendant's counsel regarding perceived deficiencies in Defendant's responses; Defendant responded two days later on September 15, 2017, disagreeing with Plaintiffs' position that supplemental responses were

required.  [84, ¶¶ 3, 4]  Just over two weeks after learning Defendant would not be supplementing its responses, and some six weeks after first receiving Defendant's responses to the requests for admissions, with the close of discovery less than a week away, Plaintiffs filed this motion to compel.  In response [88] to Plaintiffs' motion, Defendant argues FED.R.CIV.P. 36 does not require it to explain its denials of certain requests for admission, and urges the Court to deny Plaintiffs' motion as untimely filed.  As indicated above, Plaintiffs filed no reply.

There is no dispute that the Rules of this Court require that a discovery motion be filed "sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline." *L.U.Civ.R.* 7(b)(2)(C).  Plaintiffs do not deny that motion [84] failed to comply with this Rule; indeed that is why Plaintiffs filed motion [87], essentially asking the Court to excuse the late filing of motion [84].  The Court declines to do so and will therefore deny both motion [84] and [87].

On the discovery deadline, Plaintiffs also filed [86] a motion to extend discovery to allow Plaintiffs to depose the Defendant.  According to the motion, believing that the discovery deadline was September 6, 2017, Plaintiffs began efforts on August 22, 2017 to secure an agreeable deposition date for Defendant; the parties reached no agreement.  The docket reflects that Plaintiffs have deposed a number of witnesses, including three of the aldermen of the City of Wiggins.  However, Plaintiffs admittedly tried to avoid taking the deposition of the City,[1] electing to first pursue other discovery means.  In any event, the docket does not reflect that Plaintiffs ever noticed the deposition of the City.  Under the Rules, "all depositions must be concluded" by the discovery deadline, and all depositions must be noticed "sufficiently in advance of the discovery deadline date to comply with this rule..." *L.U.Civ.R.* 26(b)(1) and (2).

---

[1] In motion [84] Plaintiffs state they were trying "to forego the expense of noticing the 30(b)(6) deposition of Defendant," by serving Requests for Admissions.  Defendants served responses to those requests on August 17, 2017.

The Court further notes that on October 20, 2017, both parties filed summary judgment motions [89], [91], both motions have been fully briefed and are ripe for ruling, and Plaintiffs did not indicate any need for any further discovery in any of those pleadings or briefs.  The Court finds Plaintiffs have failed to show good cause to extend (or at this point, re-open) discovery to allow them to depose the City.  The Court will therefore deny motion [86].

**SO ORDERED**, this the 18th day of December, 2017.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE