# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**THERESA FORTENBERRY and**
**TRALVIS FORTENBERRY, doing**
**business as Caring Hands**
**Personal Care Home**                               **PLAINTIFFS**

**v.**                                      **CAUSE NO. 1:16cv320-LG-RHW**

**CITY OF WIGGINS, MISSISSIPPI**                       **DEFENDANT**

## ORDER GRANTING IN PART AND DENYING IN PART MOTION IN LIMINE FILED BY THE CITY OF WIGGINS, MISSISSIPPI

**BEFORE THE COURT** is the [114] Motion in Limine to Exclude All Evidence of Defendant's Actions Not Reflected in the Minutes of the Board and Other Evidence filed by the defendant, City of Wiggins, Mississippi. The plaintiffs Theresa Fortenberry and Tralvis Fortenberry, doing business as Caring Hands Personal Care Home (hereafter collectively referred to as "Fortenberry"), have filed a response in opposition to the Motion. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion in Limine should be granted in part and denied in part as set forth below.

## BACKGROUND

Fortenberry leased a property in June 2015 to use as a personal care home for disabled people in Wiggins, Mississippi. The City denied Fortenberry's request for a certificate of occupancy for the personal care home, because "a 'visually solid fence 6 feet in height constructed along the length of the property line adjacent to the use to be screened'" would be required for such a facility. Fortenberry appealed

the fence requirement to the Planning Commission, but the appeal was denied.

Fortenberry then appealed the Planning Commission's denial to the City's Board of

Aldermen. The Board affirmed the Planning Commission's decision. As a result,

Fortenberry filed this lawsuit.

## DISCUSSION

The City asks the Court to exclude any evidence of its actions that are not

reflected in the official minutes of the City's Board of Aldermen. Included in this

request are the four following items:

## I. THE DEPOSITION TESTIMONY OF THE INDIVIDUAL MEMBERS OF THE BOARD OF ALDERMEN

As this Court previously held in its [112] Memorandum Opinion and Order

Granting in Part and Denying in Part Motions for Summary Judgment, the Board

of Aldermen of the City of Wiggins speaks and acts only through its minutes. *See*

*Nichols v. Patterson*, 678 So. 2d 673, 676-77 (Miss. 1996). Therefore, the City's

request to prohibit admissibility of the deposition testimony of the Board is granted.

## II. EMAILS FROM JOHN PRICKETT TO MISHA PARKER

The City argues that emails that City Engineer John Prickett sent to City

Land Use Administrator Misha Parker should be excluded, because at the time of

the email, Prickett was merely a consulting engineer and could not speak for the

City. The Court finds that this request should be denied, because Ms. Parker relied

on Mr. Prickett for advice. The fact that Mr. Prickett was a contract consultant

does not negate his status as an agent for the City.

**III. THE AUDIO RECORDING OF THE APPEAL HEARING BEFORE THE BOARD OF ALDERMEN**

The City argues that comments the Aldermen made during Fortenberry's appeal hearing cannot be attributed to the City. In addition, the City also argues that the recording is inadmissible, because it is incomplete.

First, the recorded comments made by Aldermen during the hearing are the actions of the City. It is true that the Mississippi Supreme Court has consistently and routinely held that "boards of supervisors and other public boards speak only through their minutes and their actions are evidenced solely by entries on the minutes." *Thompson v. Jones County Community Hosp.*, 352 So.2d 795, 796 (Miss. 1977). However, an actual recording of the discussion is only different from the "minutes" because the recording includes everything spoken, rather than a selection of what was spoken. The Board was acting as a body when it held the discussion about the fence surrounding the personal care home, and thus the comments reflect the true reasons and motivations of the City for its official action of denying the appeal.

Furthermore, the recording is not so incomplete as to be untrustworthy. "[P]oor quality and partial unintelligibility do not render tapes inadmissible unless the unintelligible portions are so substantial as to render the recording as a whole untrustworthy." *United States v. Dukes*, 139 F.3d 469, 473 (5th Cir. 1998). The recording is intelligible until it ends, and after it ends, the written minutes reveal the City's actions. Therefore, this request is denied.

## IV.  THE VIDEO OF THE BEGINNING OF THE PLANNING COMMISSION MEETING

The City asks the Court to exclude the video of the beginning of the Planning Commission Meeting, because the plaintiff did not provide the video to the City prior to the discovery deadline.  However, the City has not demonstrated that it was prejudiced by the delay in production of the video, and further, did not object to this recording when it was produced at Theresa Fortenberry's deposition and at the summary judgment stage of this case.  The City has had ample time to cure whatever prejudice or surprise might have occurred because of the alleged late production.  Therefore, this request is denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [114] Motion in Limine to Exclude All Evidence of Defendant's Actions Not Reflected in the Minutes of the Board and Other Evidence filed by the defendant, City of Wiggins, Mississippi, is **GRANTED IN PART AND DENIED IN PART**.

**SO ORDERED AND ADJUDGED** this the 22nd day of February, 2018.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE